IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE PIONEER CRAFT HOUSE, INC., a Utah nonprofit corporation in good standing,<br><br>                      Plaintiff,<br>v.<br><br>CITY OF SOUTH SALT LAKE, a Utah Municipal Corporation, SOUTH SALT LAKE CITY ATTORNEY LYN CRESWELL, an individual acting in his individual capacity and JOHN DOES 1-10,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND ORDER DENYING MOTION TO FILE THIRD AMENDED COMPLAINT**<br><br>Case No. 2:13-cv-705<br><br>District Judge David Nuffer |

Defendants City of South Salt Lake (the "City") and South Salt Lake City Attorney Lyn Creswell (collectively "Defendants") move to dismiss the second amended complaint filed by The Pioneer Craft House, Inc. ("PCH") for failure to state a claim and lack of subject-matter jurisdiction.[1] The second amended complaint[2] is the operative complaint.

PROCEDURAL SETTING ........................................................................................................... 2
FACTS ........................................................................................................................................... 3
MOTION TO DISMISS STANDARD .......................................................................................... 5
PCH DOES NOT STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 ......................... 5
1.        PCH Never Had a Protected Interest in the Subject Real Property ....................... 7
2.        PCH's Proposed Third Amended Complaint Is Futile and Fails to State a
Constitutional Violation ................................................................................................... 8
ORDER .......................................................................................................................................... 9

---

[1] Motion to Dismiss Plaintiff's Second Amended Complaint (Motion), docket no. 14, filed November 18, 2013.

[2] Second Amended Complaint, docket no. 13, filed November 5, 2013.

## PROCEDURAL SETTING

PCH filed its second amended complaint in response to Defendants' first motion to dismiss. That amendment rendered moot the first motion to dismiss. In response to the second amended complaint, Defendants filed their second motion to dismiss which is resolved in this order.

PCH filed a third amended complaint without leave.[3] PCH's third amended complaint was stricken because "Plaintiff ha[d] already amended its complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1)(B)."[4]

Instead of responding to Defendants' second motion to dismiss, PCH moved for leave to file its third amended complaint.[5] The motion to file a third amended complaint was taken under advisement and PCH was ordered to file a response to the pending motion to dismiss the second amended complaint.[6] But PCH's Response to the motion to dismiss never references the second amended complaint.[7] PCH's Response references only the third amended complaint, which has not yet been filed.

Defendants claim that PCH "seeks to create a moving target" making the "court compare apples and oranges in deciding Defendants' motion."[8] "By using [its] proposed [third] amended complaint to oppose [the] motion to dismiss claims in the [second amended] complaint,

---

[3] Third Amended Complaint, docket no. 15, filed December 9, 2013.

[4] Docket Text Order, docket no. 16, filed December 13, 2013.

[5] Motion for Leave to File Third Amended Complaint, docket no. 17, filed December 15, 2013.

[6] Docket Text Order, docket no. 18, filed December 17, 2013 ("Plaintiff shall not file additional motions to amend until the court rules on the current pending motions 17 to amend and 14 to dismiss. Plaintiff shall not file any further amended complaint without leave of court.").

[7] Plaintiff's Response to Defendants' Motion to Dismiss Second Amended Complaint (Response) at 3, 5-7, 12-14, 17-18, 20-22, docket no. 19, filed December 18, 2013.

[8] Reply Memorandum in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (Reply) at 3, docket no. 20, filed January 2, 2014.

plaintiff[] w[as] comparing apples to oranges."[9] Consequently, Defendants ask that PCH's response to the motion to dismiss be stricken as non-responsive and that Defendants' motion be granted.[10]

## FACTS[11]

1. On or about June 20, 2007, the City and Salt Lake County entered into an Interlocal Agreement for the purchase and ownership of the Pioneer Craft House, located in South Salt Lake.[12]

2. PCH and the City entered into a lease agreement, dated October 13, 2008, pertaining to the non-exclusive use of the Pioneer Craft House for One Dollar ($1) per year.[13]

3. PCH alleges that on April 4, 2012, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, under color of law, the City and Mr. Creswell, acting officially as the City Attorney, deprived PCH of its vested property interested by wrongfully and without due process locking PCH out of the subject property and terminating the lease.[14]

4. On July 10, 2012, PCH entered into a one-year rental agreement for the use of the Pioneer Craft House. Under the agreement, PCH would pay $39,780.38 as annual rent for dedicated space, all but $15,000 of which could be paid through in-kind services.[15]

---

[9] *Maffiola v State Farm Ins. Cos.*, No. 09-cv-287-vis, 2009 WL 2983059, at *2 (W.D. Wis. 2009).

[10] Reply at 5.

[11] Facts are taken from the Motion where they appear with references to the second amended complaint. PCH's response does not dispute the selection of its facts.

[12] Second Amended Complaint ¶ 12.

[13] *Id*. ¶ 18.

[14] *Id*. ¶ 7(a).

[15] *Id*. ¶ 42.

5. On June 20, 2013, PCH was notified that Defendants would not renew the one-year rental agreement.[16]

6. On June 28, 2013, PCH served the City and Mr. Creswell with its Notice of Claim, "[a]lleging the April 4, 2012 lockout and wrongful termination of the 2008 lease violated § 78B-6-801, U.C.A. (2009)."[17]

7. On July 29, 2013, PCH filed suit against the City seeking to have the court "[d]eclare that on April 4, 2012 under color of law [Defendants] locked Plaintiff Pioneer Craft House out of the Subject Real Property wrongfully and without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution."[18]

8. On November 5, 2013, PCH filed its second amended complaint against the City, again seeking to have the court declare that under color of law, Defendants "locked Plaintiff Pioneer Craft House out of the Subject Real Property wrongfully and without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution."[19]

9. PCH seeks a declaration that on June 20, 2013, under color of law, Defendants, "in violation of the Fifth and Fourteenth Amendments continued to violate Plaintiff Craft House's vested interest in the Subject Real Property by announcing its intention to eject Plaintiff Craft House from the Subject Real Property."[20]

10. PCH seeks a declaration that on July 26, 2013, under color of law, Defendants, "in violation of the Fifth and Fourteenth Amendments continued to violate Plaintiff Craft

---

[16] *Id*. ¶ 46.

[17] *Id*. ¶ 8(b).

[18] *See* Complaint at 13, docket no. 2, filed July 29, 2013.

[19] Second Amended Complaint at 15-16, ¶ 2.

[20] *Id*. at 16, ¶ 3.

House's vested interest in the Subject Real Property by announcing its intention to eject Plaintiff Craft House from the Subject Real Property."[21]

11.     PCH seeks a declaration that the 2008 Lease remains in full force and effect.[22]

12.     PCH seeks to have this court permanently enjoin Defendants from engaging in conduct directed toward terminating the 2008 lease, ejecting PCH from the Subject Real Property or from interfering with PCH's mission and right to occupy the property.[23]

## MOTION TO DISMISS STANDARD

Defendants move to dismiss PCH's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants are entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[24] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[25] A court is not bound to accept the complaint's legal conclusions and opinions, whether or not they are couched as facts.[26]

## PCH DOES NOT STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983

In its second amended complaint, PCH brings claims under 42 U.S.C. § 1983 alleging violations of a vested property interest without due process under the Fourth, Fifth, and

---

[21] *Id*. at 16, ¶ 4.

[22] *Id*. at 16, ¶ 5.

[23] *Id*. at 16, ¶ 6.

[24] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[25] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[26] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

Fourteenth Amendments. The alleged wrongful acts are Defendants' termination of the 2008 lease and changing the locks in April 2012 and entering into a new lease in July 2012.[27]

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"In order to state a cause of action under section 1983, a plaintiff must allege both the deprivation of a federal right and that the alleged action was taken under color of state law."[28] To demonstrate that a federal right exists, PCH "must show it had a liberty or property interest sufficient to invoke procedural protections."[29]

PCH claims its protected property interest arises from the 2008 Lease Agreement with the City,[30] which provides: "Tenant [PCH] agrees to pay as rental to Landlord [City] . . . One Dollar ($1) per year."[31] Defendants argue that the 2008 Lease Agreement is void because it violated Utah Code § 10-8-2, which required a public hearing before entering into the 2008 Lease Agreement:

> A municipal legislative body may[,] subject to Subsection (2) and after first holding a public hearing, authorize municipal services or other nonmonetary assistance to be provided to or waive fees required to be paid by a nonprofit entity, whether or not the municipality receives consideration in return.[32]

---

[27] Second Amended Complaint ¶¶ 7-8.

[28] *Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 857 (10th Cir. 1991).

[29] *Id*.

[30] Second Amended Complaint ¶ 19. ("On October 13, 2008, when Plaintiff Craft House and Defendant City entered into the Lease Agreement, Plaintiff Craft House acquired a legitimate claim of entitlement as a tenant to occupy the Subject Real Property -- a property interest protected under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.").

[31] *Id.* ¶ 18.

[32] Utah Code Ann. § 10-8-2(1)(a)(v) (2008).

Defendants argue,[33] and PCH does not dispute,[34] that a public hearing was never held.

### 1.    PCH Never Had a Protected Interest in the Subject Real Property

PCH must allege a constitutionally protected property interest in the Subject Real Property to state a claim under section 1983 that Defendants violated its constitutional rights.

Under Utah law, a municipality "is not bound by a contract beyond the scope of its power or foreign to its purposes, or which is outside of the authority of officers making it."[35] "[T]he authority of a [municipal] board to make contracts is strictly limited to that conferred, either expressly or impliedly, by statute."[36] The City exceeded its authority under Utah Code § 10-8-2 by entering into the 2008 Lease Agreement with PCH without first holding a public hearing on the matter. Failure to conform to this statutory requirement means the lease contract was void from the beginning. Even though the City, and not PCH, exceeded its authority to enter into the 2008 Lease Agreement, Utah law prohibits PCH from recovering on the contract "based on the theory that the party actually dealing with the public entity is charged with knowledge that the contract is ultra vires and unenforceable."[37] Because the contract was void from the beginning, PCH never had a constitutionally protected right to occupy the premises and, therefore, cannot state a deprivation of property claim under section 1983.[38] For this reason, Defendants' motion to dismiss for failure to state a claim is GRANTED.

---

[33] Motion at 10.

[34] Second Amended Complaint ¶ 39.

[35] *First Equity Corp. of Fla. v. Utah State Univ.*, 544 P.2d 887, 892 (Utah 1975).

[36] *Id.*

[37] *Id.* at 893. *See also*, *Thatcher Chem. Co. v. Salt Lake City Corp.*, 455 P.2d 769, 771 (Utah 1968) ("One who deals with a municipal corporation does so at his peril.").

[38] *See Borde v. Bd. of Cty. Comm'rs of Luna Cty., N.M.*, 514 F. App'x. 795, 806 (10th Cir. 2013); *see also United States v. Hale*, 762 F.3d 1214, 1223 (10th Cir. 2014) (recognizing distinction between a void contract which "is not a contract at all and is void of legal effect" and a voidable contract which grants a party "legal power, either of avoidance or of ratification, or of both").

### 2. PCH's Proposed Third Amended Complaint Is Futile and Fails to State a Constitutional Violation

"Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[39] As discussed above, PCH never had a protected interest in the Subject Real Property because a public hearing was not held prior to the 2008 Lease Agreement. PCH's proposed third amended complaint does not dispute this fact, but rather attempts to side-step it by alleging former South Salt Lake City Attorney David Carlson advised the mayor and city council that no hearing was required.[40] However, Mr. Carlson's misguided advice is irrelevant as he, like the City, cannot abrogate the requirements of Utah Code § 10-8-2. PCH's proposed third amended complaint does not allege any additional facts that would establish a protected property interest in the Subject Real Property. Accordingly, the amendment is futile and PCH's motion to file its third amended complaint is DENIED.

---

[39] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

[40] Motion for Leave to File Third Amended Complaint at 3–4, docket no. 17, filed December 15, 2013.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to dismiss[41] is GRANTED and PCH's motion for leave to file its third amended complaint[42] is DENIED. The clerk is directed to close this case.

Signed March 1, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[41] Docket no. 14.

[42] Docket no. 17.